IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES L. LEVERS, | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) For Violations of the Fair Labor |
| | ) Standards Act of 1938, As Amended |
| GOVINDA'S CAFÉ and | ) |
| BISWAJIT ROY, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, Charles Levers ("Plaintiff" or "Levers"), by and through his undersigned counsel, files this Complaint against Defendants Govinda's Café and Biswajit Roy pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the minimum wage and overtime provisions of the Act by Defendants which have deprived the named Plaintiff of his lawful wages.

2. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff pursuant to the FLSA. The Plaintiff has been employed by Defendants, working as a chef for Defendants in Atlanta, Georgia.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to compensate Plaintiff at an amount equal to minimum wage and an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages (to compensate him for the delay in payment of money due which Defendants instead used as working capital) as well as attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

5. Plaintiff also seeks reimbursement for moving expenses, rent, and other damages caused by Defendants' unfulfilled promises to Plaintiff.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of

Georgia and the jurisdiction of this Court and because Defendants conduct business within this District.

### III.  PARTIES

8. Plaintiff CHARLES LEVERS resides in Atlanta, Georgia.  Levers was employed by the Defendants as a chef.  He worked for Defendants within this District.  Plaintiff worked solely within the State of Georgia.

9. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit.  This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

10. Defendant GOVINDA'S CAFE is a corporation which conducts business within this State and District and maintains its principal place of business at 1146 Euclid Avenue NE, Atlanta, GA 30307.[1]  GOVINDA'S CAFE is a restaurant which provides food to the general public.

---

[1] Govinda's Cafe is not registered to conduct business with the Georgia Secretary of State.  To the extent Govinda's Café is registered to do business with the Georgia Secretary of State under another name, Plaintiff respectfully reserves the right to amend his Complaint to add or include the properly-named corporate entity.

11. GOVINDA'S CAFE is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its owner and operator, Biswajit Roy at 68 Walthall Street NE, Atlanta, GA 30307.

12. Defendant GOVINDA'S CAFE maintains actual and constructive control, oversight, and direction over the operation of its employees.

13. Defendant BISWAJIT ROY is the owner and operator of GOVINDA'S CAFE, and has actual and constructive control, oversight, and direction over the day-to-day operations of GOVINDA'S CAFE, including, but not limited to, the compensation (or in Plaintiff's case, lack thereof) of GOVINDA'S CAFE employees and the hours those employees work.

14. At all times material to this action, Defendant GOVINDA'S CAFE was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Defendant GOVINDA'S CAFE utilizes bank accounts with banking entities which transact business outside the State of Georgia.  Defendant GOVINDA'S CAFE regularly utilizes food and materials manufactured outside the state of Georgia for the benefit of Defendant GOVINDA'S CAFE's clients.  Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant GOVINDA'S CAFÉ's business.  Upon information and belief, at all times material to this action, Defendant GOVINDA'S CAFÉ

15. has had an annual gross volume of business which exceeded $500,000.00 at all times material to this action.

16. At all times material to this action, Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

### IV.  CLAIMS

**COUNT 1- Violations of the minimum wage provisions of the FLSA**

18. Defendants employed Plaintiff as a chef in Atlanta, Georgia

19. Plaintiff was employed by Defendants from June of 2021 until May of 2022.

20. During of Plaintiff's employment with Defendants, Plaintiff worked in excess of 40 hours per week, but was not compensated for any work.  Plaintiff typically worked at least twelve (12) hours per day (9:00 a.m. to 9:00 p.m.), Monday through Friday.  For the majority of Plaintiff's employment with Defendants, Plaintiff worked at least sixty-five (65) hours per week.

21. Plaintiff did not receive any compensation for hours worked during the following weeks applicable to this action: 6/1/21, 6/7/21, 6/14/21, 6/28/21, 7/5/21, 7/12/21, 7/19/21, 7/26/21, 8/2/21, 8/9/21, 8/16/21, 8/23/21, 8/30/21, 9/6/21, 9/13/21, 9/20/21, 9/27/21, 10/4/21, 10/11/21, 10/18/21, 10/25/21, 11/1/21, 11/8/21, 11/15/21, 11/22/21, 11/29/21, 12/6/21, 12/13/21, 12/13/21, 12/21/21, 1/3/22, 1/10/22, 1/17/22, 1/24/22, 1/31/22, 2/7/22, 2/14/22, 2/21/22,

2/28/22, 3/7/22, 3/14/22, 3/21/22, 3/28/22, 4/4/22, 4/11/22, 4/18/22, 4/25/22, 5/2/22, 5/9/22, and for two days during the week of 5/16/22.

22. Plaintiff seeks unpaid compensation for 40 hours per week at the applicable minimum wage of seven dollars and twenty-five cents ($7.25) per hour. Specifically, Plaintiff seeks no less than fourteen thousand three hundred and fifty-five dollars ($14,355.00)[2] in unpaid straight-time compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid straight-time wages of twenty-eight thousand seven hundred ten dollars ($28,710.00), plus attorney's fees and costs.

**COUNT 2- Violations of the overtime wage provisions of the FLSA**

23. During of Plaintiff's employment with Defendants, Plaintiff worked in excess of 40 hours per week, but was not compensated for any work. Plaintiff typically worked at least twelve (12) hours per day (9:00 a.m. to 9:00 p.m.), Monday through Friday. For the majority of Plaintiff's employment with Defendants, Plaintiff worked approximately sixty-five (65) hours per week.

24. Plaintiff did not receive any compensation for hours worked in excess of forty during the following weeks applicable to this action: 6/1/21, 6/7/21, 6/14/21, 6/28/21, 7/5/21, 7/12/21, 7/19/21, 7/26/21, 8/2/21, 8/9/21, 8/16/21, 8/23/21, 8/30/21, 9/6/21, 9/13/21, 9/20/21, 9/27/21, 10/4/21, 10/11/21, 10/18/21,

---

[2] 40 [hours] X $7.25 [per hour] X 49.5 [weeks]

10/25/21, 11/1/21, 11/8/21, 11/15/21, 11/22/21, 11/29/21, 12/6/21, 12/13/21, 12/13/21, 12/21/21, 1/3/22, 1/10/22, 1/17/22, 1/24/22, 1/31/22, 2/7/22, 2/14/22, 2/21/22, 2/28/22, 3/7/22, 3/14/22, 3/21/22, 3/28/22, 4/4/22, 4/11/22, 4/18/22, 4/25/22, 5/2/22, 5/9/22, and for two days during the week of 5/16/22.

25. Plaintiff seeks unpaid overtime compensation for at least 25 hours per week at the applicable minimum wage of seven dollars and twenty-five cents ($7.25) per hour.  Specifically, Plaintiff seeks no less than thirteen thousand four hundred fifty-seven dollars and eighty-one cents ($13,457.81)[3] in unpaid straight-time compensation.  Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of twenty-six thousand nine hundred fifteen dollars and sixty-three ($26,915.63), plus attorney's fees and costs.

## COUNT 3 – Detrimental Reliance and Unjust Enrichment

26. In June of 2021, Defendants convinced Plaintiff to leave his home in Tennessee and move to Georgia to help Defendants with their restaurant.

27. Defendants assured Plaintiff that expenses related to moving, rent, and daily travel to work would be paid by Defendants.  Contrary to the parties' agreement, Defendants did not pay for Plaintiff's moving expenses, rent, or

---

[3] 25 [overtime hours] X $7.25 [per hour] X 1.5 [overtime rate] X 49.5 [weeks]

7

travel expenses to get to and from work. Plaintiff has incurred approximately $1,100 in rent and $3,000 in travel expenses.

28. Defendants also agreed to have Plaintiff's furniture from Tennessee placed in a temperature-controlled storage facility. Instead, Defendants stored Plaintiff's furniture in Defendant's warehouse.

## COUNT 4- Breach of Good Faith and Fair Dealing

29. Defendants misappropriated Plaintiff's recipes without permission to use on the menu at Govinda's Café.

30. Plaintiff is entitled to a portion of all of Govinda's sales that resulted from the misappropriation of Plaintiff's recipes.

## V. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid straight-time and overtime compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of overtime compensation due which the Defendants unlawfully used instead as working capital of the business, for a total of fifty-five thousand six hundred twenty-five dollars and sixty-three cents ($55,625.63);

B. Plaintiff be awarded damages related to the unauthorized misappropriation of Plaintiff's recipes by Defendants;

C. Plaintiff be reimbursed for all of the moving expenses, rent, and travel expenses which Defendants agreed to pay in order to convince Plaintiff to leave his home in Tennessee to work for Defendants, but never paid;

C. That Plaintiff be awarded prejudgment interest;

D. That Plaintiff be awarded reasonable attorneys' fees;

E. That Plaintiff be awarded the costs and expenses of this action; and

F. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 16th day of June, 2022.

>   */s/ Tyler B. Kaspers*
>   Tyler B. Kaspers, Ga. Bar No. 445708
>   THE KASPERS FIRM, LLC
>   152 New Street, Suite 109B
>   Macon, GA  31201
>   404-944-3128
>   tyler@kaspersfirm.com
>
>   Counsel for Plaintiff

## **CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing document has been prepared in 14-point Times New Roman font in compliance with Local Rule 5.1(b).

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA 31201
