IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES L. LEVERS,

    Plaintiff,

    v.

GOVINDA'S CAFE, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-2417-TWT

### OPINION AND ORDER

This is a Fair Labor Standards Act minimum wage and overtime case. It is before the Court on the Defendants' Motion to Dismiss [Doc. 12]. For the reasons set forth below, the Defendants' Motion to Dismiss [Doc. 12] is DENIED.

### I.   Background

The Plaintiff Charles Levers brings this action under the Fair Labor Standards Act ("FLSA"), alleging that he was denied regular and overtime compensation while working as a chef for the Defendants Govinda's Cafe and its owner Biswajit Roy. (Compl. ¶ 2.) As alleged, Govinda's Cafe is a corporation that conducts business within the State of Georgia and this District, although it is not registered with the Georgia Secretary of State. (*Id.* ¶ 10 & at 3 n.1.) Govinda's Cafe maintains its principal place of business at 1146 Euclid Avenue NE in Atlanta, Georgia 30307. (*Id.*) The Plaintiff asserts, upon information and belief, that Govinda's Cafe had an annual gross volume of business exceeding

$500,000 at all times relevant to this action. (*Id.* ¶ 15.)

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, though, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that the plaintiff "receives the benefit of imagination" at the pleading stage). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of his claims and the grounds upon which they rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

## III.   Discussion

The Defendants ask the Court to dismiss this action on two grounds. First, they argue that the Plaintiff has not alleged sufficient facts to establish

individual or enterprise coverage under the FLSA. (Defs.' Mot. to Dismiss, at 6.) Second, they argue that Govinda's Cafe is not a legal entity with the capacity to be sued. (*Id.* at 8.) The Court addresses each argument in turn.

To qualify for overtime pay under the FLSA, an employee must demonstrate that he is covered by the statute in one of two ways. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); 29 U.S.C. § 207(a)(1). "An employee may claim 'individual coverage' if he regularly and 'directly participates in the actual movement of persons or things in interstate commerce." *Josendis*, 662 F.3d at 1298 (citation and alteration omitted). Alternatively, "an employee is subject to enterprise coverage if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce[.]'" *Id.* at 1298-99 (citation omitted). An enterprise is engaged in commerce or in the production of goods for commerce if it:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1)(A)(i)-(ii) (emphasis added).

The Defendants argue that the Plaintiff has not adequately pled the second element of enterprise coverage—that Govinda's Cafe has annual gross sales or business of at least $500,000. (Defs.' Mot. to Dismiss, at 7-8.) Although

3

the Complaint plainly contains such an allegation, the Defendants ask the Court to disregard it because the allegation is made upon information and belief. (*Id.*; *see also* Compl. ¶¶ 14-15.) The Defendants cite a single district court opinion for the proposition that conclusory allegations based on information and belief are not entitled to a presumption of truth. (Defs.' Mot. to Dismiss, at 8 (citing *Misquith v. Palm Beach Cnty. Health Care Dist.*, 2021 WL 8055475, at *2 (S.D. Fla. Sept. 29, 2021)).) However, the notice pleading standard "does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant[.]" *Arista Record, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quotation marks and citation omitted).

The Plaintiff admits that he has no knowledge of the annual gross sales of Govinda's Cafe, nor would the Court expect the Plaintiff to have learned that information in his former role as chef. (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 5.) This is common in FLSA cases. Indeed, numerous courts within the Eleventh Circuit have allowed FLSA complaints to proceed where the plaintiff alleged the defendant's revenue upon information and belief. *See, e.g.*, *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("Plainly, Ceant need not know for certain, nor prove, that Aventura Limousine has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his."); *Roberts v. Caballero & Castellanos, PL*, 2010 WL 114001, at *3 (S.D.

4

Fla. Jan. 11, 2010) ("These issues, especially the extent of Caballero & Castellanos' gross sales, are issues more appropriately determined at the summary judgment stage."); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 (M.D. Fla. Mar. 24, 2008) ("[B]are bones allegations are acceptable for 'enterprise' coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial." (citation omitted)). Accordingly, the Court finds that the Plaintiff's allegations of enterprise coverage are sufficient to survive dismissal.

Next, the Court considers whether Govinda's Cafe has the capacity to be sued in federal court, a question which is determined by reference to Georgia law. Fed. R. Civ. P. 17(b)(2)-(3). In Georgia, "[a] corporation conducting business in a trade name may sue or be sued in the trade name." *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693, 696 (1999) (citation omitted). If a complaint names the parties "in such terms that every intelligent person understands who is meant, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else." *Id.* (citation omitted). In *Sam's Wholesale Club*, for example, the plaintiff was allowed to sue "Sam's Wholesale Club" even though that was not a corporation registered to do business in Georgia. *See id.* at 695-96. Sam's argued that the proper legal entity was "Wal-Mart Stores, Inc." or the trade name "Sam's Club No. 8115." *See id.* at 695. The court rejected that argument,

5

finding ample evidence in the record of Sam's referring to itself as "Sam's Club," "Sam's Wholesale Club," or "Sam's Wholesale Club # 8115." *See id.*

Here, the Complaint acknowledges that Govinda's Cafe is not an entity registered to do business in Georgia. (Compl. at 3 n.1.) But the Plaintiff also alleges that Govinda's Cafe is a recognizable trade name, providing adequate notice of who is being sued to the Defendants. (*Id.* ¶¶ 10, 13 (describing Govinda's Cafe as a restaurant which provides food to the general public and disclosing its address and owner/operator)). If the Plaintiff finds that Govinda's Cafe is registered to do business under another name, then he expressly reserves the right to add or substitute that business in place of Govinda's Cafe. (*Id.*; Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 10.) The Court finds that for now, this is enough to retain Govinda's Cafe as a defendant.[1] Because the Plaintiff's FLSA claims are not subject to dismissal, the Court need not consider whether to dismiss his related state law claims on supplemental jurisdiction grounds. (Defs.' Mot. to Dismiss, at 9.)

---

[1] The Defendants' citation to *Gas Pump, Inc. v. General Cinema Beverages of North Florida, Inc.*, 982 F.2d 478 (11th Cir. 1993), is unavailing. (Defs.' Mot. to Dismiss, at 8.) There, the plaintiff had been administratively dissolved by the Georgia Secretary of State before filing suit in its corporate name, a clear factual distinction from the present case. *See Gas Pump*, 982 F.2d at 479.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss [Doc. 12] is DENIED.

SO ORDERED, this   30th   day of May, 2023.

THOMAS W. THRASH, JR.
United States District Judge