IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES L. LEVERS, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | 1:22-CV-02417-TWT |
| ) | |
| v. ) | For Violations of the Fair Labor |
| ) | Standards Act of 1938, As Amended |
| GOVINDA'S CAFÉ and ) | |
| BISWAJIT ROY, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**PLAINTIFF CHARLES LEVERS' MOTION TO ADD DESIRE TREE FOUNDATION AS A DEFENDANT**

COMES NOW Plaintiff, Charles Levers, by and through his undersigned counsel, and, pursuant to Fed. R. Civ. P. 15(a)(2), files this Motion to add Desire Tree Foundation as a Defendant to this action as follows:

Procedural Posture

1. Plaintiff filed his Complaint on June 16, 2022, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), as well as pendant state claims for detrimental reliance, unjust enrichment, and breach of good faith and fair dealing.  Doc. 1.

2. On February 28, 2023, Defendants moved to dismiss Plaintiff's Complaint. Doc. 12.

3.  On May 30, 2023, this Court denied Defendants' Motion to Dismiss. Doc. 16.

4.  On June 9, 2023, Defendants filed their Answer. Doc. 17.

5.  The parties conducted a Rule 26(f) conference on June 28, 2023.

6.  Plaintiff sent a draft Joint Preliminary Report and Discovery Plan to Defendants at 10:19 a.m. on July 10, 2023, for Defendants' review and input. Defendants provided no input into that Preliminary Report, and Plaintiff had to file it unilaterally. Doc. 19 at 1 n 1.

7.  Defendants have not filed or sent to Plaintiff any Initial Disclosures required by Fed.R.Civ.P. 26.

8.  Defendants have not filed or sent to Plaintiff any Certificate of Interested Persons or Corporate Disclosure Statement, as required by Fed.R.Civ.P. 7.1 and L.R. 3.3.

9.  On July 12, 2023, Plaintiff sent written discovery requests to Defendants.

10. On August 22, 2023, Defendants provided responses to Plaintiff's written discovery requests.[1]  On no fewer than thirteen occasions, Defendants alleged in

---

[1] Defendants produced ZERO documents in response to Plaintiff's requests for production. Defendants' responses to Plaintiff's interrogatories were neither verified or otherwise affirmed to under oath. Plaintiff does not waive his right to contend that, pursuant to Fed. R. Civ. P. 33 and its progeny, including, but not limited to *United Steelworkers of America, AFL-CIO-CLC v. Ivaco*, 2022 WL 31932875 at *4 (N.D.Ga. 2003), by failing to verify their interrogatory responses, Defendants have not yet answered Plaintiff's interrogatories and, because

their (unverified) written discovery responses, and for the first time in this litigation, that "Plaintiff never worked for Govinda's. Plaintiff was a volunteer for Desire Tree Foundation."

Argument

    Plaintiff seeks permission from this Court to add Desire Tree Foundation as a named defendant to this matter pursuant to Fed. R. Civ. P. 15(a)(2). Although it was Plaintiff's understanding that he worked for Defendants Biswajit Roy and Govinda's Café and Govinda's Café's location in Little Five Points in Atlanta, Georgia, both defendants now repeatedly claim Plaintiff worked for Desire Tree Foundation. Plaintiff intends to amend his Complaint to identify Desire Tree Foundation, which appears to be an arm of the larger enterprise for which Plaintiff worked, an enterprise which also includes Defendants Biswajit Roy (who is listed as the Registered Agent and CEO of Desire Tree Foundation with the Georgia Secretary of State) and Govinda's Café.

    The Court set a deadline of August 14, 2023, for Plaintiff to amend his pleading without obtaining prior permission from the Court. Doc. 21 at 2.

---

Defendants did not answer Plaintiffs interrogatories in a timely manner, Defendants waived any objection they may have to any of those interrogatories. However, Plaintiff has provided Defendants an opportunity to voluntarily cure those (and other noted) deficiencies. If discovery deficiencies remain an issue that Plaintiff ultimately needs to bring to the Court's attention, Plaintiff will do so at a later time.

However, Plaintiff had no knowledge that Defendants would claim that he did not work for the restaurant prior to receiving Defendant's written discovery responses at 10:54 p.m. on August 11.[2]  Had Defendants timely provided their Initial Disclosures, Certificate of Interested Persons, or Corporate Disclosure Statements, Plaintiff could have moved to amend his Complaint prior to the August 11, 2023, deadline.  Defendants did not, and Plaintiff should not bear the brunt of Defendants' apparent oversight.  For the foregoing reasons, Plaintiff requests permission from the Court to amend his Complaint to add Desire Tree Foundation, Inc. to this action as a named defendant.

Conclusion

The interest of justice and judicial economy and efficiency warrant allowing Plaintiff to amend his Complaint to include an entity that both defendants claim was the entity for which Plaintiff performed work.  Had Defendants provided Plaintiff with the information it was required to provide during the initial stages of this litigation, Plaintiff could have amended his Complaint without Court order.  Assuming, *arguendo*, that Defendants' failure to file required documents was an inadvertent oversight, and that the late hour in which Defendants' written

---

[2] August 11, 2023, was the initial deadline the parties had agreed to during their 26(f) conference as the deadline for the Plaintiff to amend his pleading without leave from the Court.  Doc. 19 at 6.  The Court changed that deadline to August 14, 2023.  Doc. 21 at 2.

discovery responses were sent was not a strategic attempt to avoid Plaintiff amending his Complaint, Plaintiff should not be punished by having to file a separate Complaint against Desire Tree Foundation and this Court should not be burdened by having to process duplicitous lawsuits.  For, a refusal to allow the Plaintiff in this matter to proceed against proposed defendant Desire Tree Foundation could, and likely would, lead to duplicative cases which involve a common nucleus of operative fact being argued in multiple actions.  Accordingly, in the interest of judicial efficiency and economy, Plaintiff Levers respectfully requests permission from the Court to add Desire Tree Foundation as a Defendant in this case.

Respectfully submitted this 24th day of August, 2023.

> */s/ Tyler B. Kaspers*
> Tyler B. Kaspers, Ga. Bar No. 445708
> THE KASPERS FIRM, LLC
> 152 New Street, Suite 109
> Macon, GA  31201
> 404-944-3128
> tyler@kaspersfirm.com
>
> Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES L. LEVERS, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | 1:22-CV-02417-TWT |
| ) | |
| v. ) | For Violations of the Fair Labor |
| ) | Standards Act of 1938, As Amended |
| GOVINDA'S CAFÉ and ) | |
| BISWAJIT ROY, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that on August 24, 2023, I electronically filed the foregoing PLAINTIFF CHARLES LEVERS' MOTION TO ADD DESIRE TREE FOUNDATION AS A DEFENDANT via the Court's CM/ECF filing system, which will automatically send a copy of this document to the following attorneys of record:

> Ian Smith
> SPIRE LAW, LLC
> 2572 W. State Road 426, Suite 2088
> Ovido, Florida  32765
> ian@spirelawfim.com

The undersigned further certifies that the foregoing document has been prepared in 14-point Times New Roman font in compliance with Local Rule 5.1(b).

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com